IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01666-PAB

SHAUN RAYMOND OBERMIRE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Shaun Raymond Obermire on June 28, 2016. Plaintiff seeks review of the final decision of defendant Nancy A. Berryhill (the "Commissioner") denying his claim for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act") and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 401-33 and 1381-83c.[1] The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

On March 26, 2015, plaintiff applied for a period of disability and disability insurance benefits under Title II of the Act and for supplemental security income under Title XVI of the Act. R. at 10. Plaintiff alleged that he had been disabled since September 13, 2013. *Id*. After an administrative denial, plaintiff appeared at an

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

administrative hearing before an Administrative Law Judge ("ALJ") on April 4, 2016. *Id*. On May 19, 2016, the ALJ issued a decision denying plaintiff's claim. R. at 21. The ALJ found that plaintiff had the severe impairments of "chronic obstructive pulmonary disease (COPD); hypertension with episodes of congestive heart failure; degenerative disc disease of the cervical spine; status-post closed head injury; vertigo; obstructive sleep apnea; history of alcohol abuse in early sustained remission; and an adjustment disorder with mixed anxiety and depressed mood." R. at 12. The ALJ found that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, R. at 13, and found that plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant cannot climb ropes, ladders, or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. The claimant should avoid unprotected heights and dangerous moving machinery. Additionally, the claimant cannot have concentrated exposure to gases, fumes, smoke, perfumes, pulmonary irritants, or extreme cold temperatures. The claimant cannot perform fast paced, production-type work. However, the claimant can understand, remember, and carry out simple and detailed, but not complex instructions.

R. at 14. Based on this RFC and in reliance on the testimony of a VE, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. R. at 19. On June 8, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision. R. at 1. Thus, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable

physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity

4

(RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. The ALJ's Decision

Plaintiff argues that the ALJ erred by (1) not determining that plaintiff's limitations met or exceeded the listed impairments in Appendix 1 to Subpart P of Part 404 of 20 C.F.R. and (2) failing to apply the proper legal standard not linking her weighing of opinion evidence to specific record evidence. *See* Docket No. 19 at 7.

#### *1. Listed Impairments*

Plaintiff summarizes his limitations by stating that he

> has a paralyzed diaphragm which impairs one of his lung[s] from inflating, and is compounded by his COPD which restricts his airway. This is further complicated by heart disease which may be caused [by] his failure to obtain sufficient oxygen in his blood. These conditions would make anyone anxious and concerned, and could be exaggerated by his traumatic brain injury.

Docket No. 19 at 6-7. Based on these limitations, plaintiff states in conclusory fashion that "[t]aken all together these limitations meet or exceed the listed impairments in Appendix 1 to Subpart P of Part 404 of 20 CFR." *Id*. at 7. Plaintiff, however, does not identify any particular impairment.

Regarding physical impairments, the ALJ considered and rejected listings "1.04 (disorders of the spine); 2.07 (disturbance of labyrinthine-vestibular function); 3.02

5

(chronic pulmonary insufficiency); 4.02 (chronic heart failure); and 4.04 (ischemic heart disease)." R. at 13. With respect to mental impairments, the ALJ considered and rejected listing 12.02 (neurocognitive disorders) and 12.04 (depression), as well as the so-called "paragraph B" and "paragraph C" criteria. *Id*. at 13-14.

"At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quotation and citation omitted). An ALJ cannot simply state in conclusory fashion that the listings are not met; however, the ALJ is not required to discuss and reject every potentially relevant listing. In *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996), "the ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment." The court found that this "bare conclusion" was insufficient and remanded the case with instructions to the ALJ to "set out his specific findings and his reasons for accepting or rejecting evidence at step three." *Id*. at 1009, 1010.

As the Tenth Circuit later explained, however, *Clifton* does not require reversal "where the ALJ's factually substantiated findings at steps four and five of the evaluation process alleviates *any* concern that a claimant might have been adjudged disabled at step three." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 730 (10th Cir. 2005). In *Fischer-Ross*, the ALJ did not cite specific evidence in his step-three analysis, but the Tenth Circuit found that his findings at steps four and five prevented a finding that plaintiff met

6

one of the listed impairments. The court held that "the ALJ's confirmed findings at steps four and five of his analysis, coupled with indisputable aspects of the medical record, conclusively preclude Claimant's qualification under the listings at step three." *Id*. at 735. It further held that remand under these circumstances would "needlessly prolong[]" the administrative proceedings. *Id*. at 730.

The ALJ cited and discussed specific evidence with respect to plaintiff's mental impairments in the step three analysis and thereby showed that plaintiff did not meet those listings. R. at 13. With respect to plaintiff's physical limitations, the ALJ's discussion at steps four and five show that plaintiff would not meet the limitations of the listed physical impairments identified and discussed. *See* R. at 14-19. In particular, the ALJ noted that plaintiff's pain and hypertension were controlled with medication and that plaintiff's "mild congestive heart failure was likely secondary to chronic alcohol abuse." R. at 17. Without specific argument from plaintiff that he meets a listed impairment not discussed by the ALJ, the Court declines to consider the other listed impairments. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [plaintiff's] contentions that have been adequately briefed for our review."). The Court finds that the ALJ's determination that plaintiff's limitations did not meet or exceed the listed impairments is supported by substantial evidence.

### 2. *Medical Opinion Evidence*

Plaintiff argues that the ALJ improperly weighed the medical opinions in the record. Docket No. 19 at 7-8. Although plaintiff generally claims the ALJ's analysis was

7

improper, he only claims the ALJ made specific errors with respect to the opinions of Madison Macht, M.D., Robert Stanfield, M.D., and Julie Seibert, M.D., which the Court discusses below.

The ALJ must give consideration to all the medical opinions in the record. *Keyes-Zachary*, 695 F.3d at 1161 (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). She must also explain the weight she assigns to such opinions. *Id*. (citations omitted).

The opinion of a treating physician is generally entitled to greater weight than that of a non-treating physician because of the unique perspective derived from a treating relationship. 20 C.F.R. § 404.1527(c)(2). Thus, an ALJ must accord controlling weight to the opinion of a treating physician where that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. *Id.* Moreover, the opinion of a treating physician merits some measure of deference to be determined based on an application of the factors listed in 20 C.F.R. § 404.1527(c)(2), even if it is not entitled to controlling weight. 20 C.F.R. § 404.1527(c)(2)(i)-(ii). "The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995).

In assigning weight to the opinion of a treating physician, the ALJ must consider the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether

> or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (citation omitted). The ALJ need not explicitly discuss each factor, so long as the ALJ provides "good reasons in [her] decision for the weight [she] gave to the treating sources' opinions." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

### a. Treating Source Madison Macht, M.D.

The ALJ gave little weight to the opinion of Dr. Macht that plaintiff was "quite limited due to moderate restrictive lung disease" because she found it was "not entirely consistent with the record." R. at 17. In particular, the ALJ noted that plaintiff "continues to ride his bike and walk as forms of transportation" and worked part time as a janitor. *Id*. Plaintiff argues that this is insufficient because the ALJ does not discuss "how far he rides his bicycle or walks nor the exertional level of the part time job." Docket No. 19 at 7. The Court finds plaintiff's arguments unpersuasive. The ALJ notes that plaintiff rode "his bike for 12 miles" and exercised 20-30 minutes. R. at 16. Additionally, the ALJ noted plaintiff's recent interest in finding a part-time job and the fact that he did secure a position as a part-time janitor. R. at 17. There is nothing in the record to indicate that plaintiff's janitorial work is less strenuous than one would expect of such work. Thus, the Court finds that the ALJ provides sufficient support for his weighing of Dr. Macht's opinion. *Krauser v. Astrue*, 638 F.3d 1324, 1330-31 (10th Cir. 2011) ("[T]he ALJ's findings must be sufficiently specific to make clear to any subsequent reviewers the weight [she] gave to the treating source's medical opinion

and the reason for that weight." (internal quotation marks omitted)).

### b. Treating Source Robert Stanfield, M.D.

The ALJ gave "little to no weight" to the opinion of Dr. Stanfield that plaintiff was "unable to work due to coronary artery disease and paralysis of the left hemi-diaphragm" for the same reasons given with respect to Dr. Macht's opinion and for the additional reason that Dr. Stanfield "failed to consider the impact of the claimant's alcohol abuse in his opinion." R. at 17. Plaintiff argues that the ALJ did not "link his rejection . . . to specific evidence in the record." Docket No. 19 at 7. However, as noted above with respect to Dr. Macht's opinion, the ALJ did cite specific evidence she believed was inconsistent with the doctor's opinions. *See* R. at 16-17. Therefore, the Court finds that the ALJ provided sufficient reasons for the weight she gave to Dr. Stanfield's opinions.

### c. Treating Source Julie Seibert, M.D.

The ALJ gave little weight to Dr. Seibert's opinion that plaintiff's cognitive issues impacted his ability to work and that he could not hold down a job because the ALJ found that Dr. Seibert's opinions were inconsistent with evidence showing "improvement in [plaintiff's] anxiety, irritability, and depressed mood with medication and sobriety, and that the claimant is now able to hold down a part-time job as a janitor." R. at 18. The ALJ also found that Dr. Seibert had not considered "the impact of alcohol use and withdrawal on the claimant's functioning." R. at 19. Plaintiff argues that physicians' medical opinions that are not given controlling weight "must nonetheless be given some deference," Docket No. 19 at 8, relying on *Krauser v.*

*Astrue*, 638 F.3d 1324 (10th Cir. 2011). But *Krauser* is to the contrary; it contemplates that some physicians' opinions will be "rejected outright." *Krauser*, 638 F.3d at 1330. The Court's role on appeal is not to reweigh the evidence, but only to determine whether the ALJ applied the correct law and supported her decisions by substantial evidence. *See Flaherty*, 515 F.3d at 1070. Here, the Court finds that the ALJ supported her determination of the weight to accord Dr. Seibert's opinion with substantial evidence.

Accordingly, the Court finds that plaintiff has not shown reversible error in the decision of the Commissioner, and the Court will affirm.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff Shaun Raymond Obermire is not disabled is **AFFIRMED**.

DATED March 27, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge